## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                    No. CR 04-1207 JB

JOMO A. WALLEN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion *in Limine* for Preliminary Ruling as to Admissibility of Evidence Offered Pursuant to Rule 404(b), filed November 8, 2004 (Doc. 52).  The primary issue is whether the Court should permit the United States to offer evidence of a prior arrest for possession of marijuana in a tractor-trailer as evidence of the charges in the superceding indictment.  Because it would be good for all parties for the Court to give a ruling on the evidence that the United States seeks to have the Court address before the trial, and because rule 404(b) permits this evidence, the Court will grant the United States' motion.

## FACTUAL BACKGROUND

While the United States retains its burden to prove each and every fact, it believes that Wallen will not dispute the facts set forth herein for purposes of the motion.  Wallen, however, did not file a response to this motion.

On November 20, 2003, Michael D. Stoner, a Texas state trooper, stopped a tractor-trailer on interstate I-20 in Palo Pinto County, Texas.  <u>See</u> Offense Report, Texas Department of Public Safety at 1 (November 20, 2003).  The driver, Jomo A. Wallen, was not wearing a seatbelt.  <u>See</u> <u>id.</u>

at 1, 2.  The United States alleges that, on November 20, 2003, Wallen was alone in the truck.  In support of this proposition, the United States cites to the offense report.  See United States' Motion in Limine at 3.[1]  The report, however, does not expressly say that Wallen was alone in the tractor-trailer[2] during the November, 2003, stop.  Instead, the report is silent as to other persons in the vehicle, and mentions that Wallen was the driver.  See Offense Report at 1, 2.  Wallen told Stoner that he was transporting a load of raisins from Yuma, Arizona to New York City.  See id. ¶ 7, at 2.  Stoner noted, however, that the bill of lading listed California as the point of origination.  See Bill of Lading and Description of Load at 1 (dated November 19, 2003); Offense Report ¶ 7, at 2.

The tractor-trailer was registered to Britannia Trucking, Inc., see Florida Vehicle Registration at 1 (issued 10/29/2003)(photocopy of vehicle registration documents from Texas Department of Public Safety case file), a company incorporated in the State of New York, see Westlaw Company Profile at 1 (listing Brittania Trucking, Inc.'s business address as located in Jamaica, New York).  Wallen is president of Britannia Trucking Inc.  See Westlaw Company Profile at 1 (listing executive name of Brittania Trucking, Inc. as "Jomo Wallen, President").

Stoner suspected that Wallen might be engaged in criminal activity because Wallen had spent two days in Casa Grande, Arizona, for which his driver's logbook did not account.  See Offense Report at 2.  Stoner asked Wallen for permission to search the trailer.  See id.  Wallen gave his

---

[1] The Court notes that, in its motion, the United States actually cites to "id." in support of its proposition that Wallen was alone in the truck during the November, 2003, stop.  The cite immediately proceeding the "id.", however, refers to Florida Vehicle Registration forms.  The Court will assume that the United States meant to cite to the offense report for the proposition that Wallen was alone at the time of the November, 2003, stop because the other two documents contain no reference to or mention of the incident.

[2] Referred to in the offense report as a "truck tractor."

-2-

consent.  See id.

Stoner found two duffel bags filled with marijuana in front of the load of raisins.  See id.; Texas Department of Public Safety Laboratory Report at 1 (dated June 14, 2004).  He charged Wallen with possession of more than five pounds, but less than fifty pounds, of marijuana.  See Criminal Complaint, Palo Pinto County, Texas at 1 (filed November 20, 2003).

On May 29, 2004, Wallen, a co-defendant, Derrick Singh, and a third man, Kadian Thomas, arrived at the port of entry inspection station in Gallup, New Mexico.  See Drug Enforcement Agency Report of Investigation at 0004-0007 (May 5, 2004).[3]  The men were riding in a tractor-trailer traveling east.  See id. at 0004-0005.  It was the same truck that Wallen was driving six months earlier when he was arrested in Texas.  See Florida Vehicle Registration at 1 (issued May 27, 2004)(listing the VIN as 1FUPCZYB8SP36815 and the license plate as A1642N); Florida Vehicle Registration at 1 (issued October 29, 2003, 2004)(listing the VIN as 1FUPCZYB8SP36815 and the license plate as A8042M); Texas Department of Public Safety's Offense Report at 2 (listing the license plate as A8042M); New Mexico Department of Public Safety, Motor Vehicle Division Report at 1 (listing the license plate as A1642N and the VIN as 6815).

The truck in which the three men were riding is registered to Britannia Trucking, Inc.  See Vehicle Registration at 1 (issued May 27, 2004).  The truck had a different license when it was stopped in Texas, but registration records indicate that it is the same truck based on the VIN number. See Florida Vehicle Registration at 1 (issued May 27, 2004)(listing the VIN as 1FUPCZYB8SP36815 and the license plate as A1642N); Florida Vehicle Registration at 1 (issued October 29, 2003,

_____

[3] The page numbers refer to the DEA number located at the bottom right of the report.

2004)(listing the VIN as 1FUPCZYB8SP36815 and the license plate as A8042M);[4] Texas Department of Public Safety's Offense Report at 2 (listing the license plate as A80 42M); New Mexico Department of Public Safety, Motor Vehicle Division Report at 1 (listing the license plate as A1642N and the VIN as 6815).  The truck had a vehicle identification number, VIN, which is unique among vehicles registered in the United States.  See New Mexico Department of Public Safety, Motor Vehicle Division Report at 1 (listing the license plate as A1642N and the VIN as 6815);  Florida Vehicle Registration at 1 (issued May 27, 2004)(listing the VIN as 1FUPCZYB8SP36815 and the license plate as A1642N); Florida Vehicle Registration at 1 (issued October 29, 2003, 2004)(listing the VIN as 1FUPCZYB8SP36815 and the license plate as A8042M). The truck's VIN number is IFUPCZYB85P636815.  See id.  It appears from the registration documents that Wallen paid almost $2,000.00 to have his truck registered under two different license plates in the State of Florida.  See Florida Vehicle Registration at 1 (issued May 27, 2004, expired October 31, 2004)(indicating total fees as $993.75); Florida Vehicle Registration at 1 (issued October 29, 2003, expired December 31, 2004)(indicating total fees as $1,046.60).

The tractor-trailer was carrying a load of grapes from Nogales, Arizona to Boston, Massachusetts.  See New Mexico Department of Public Safety, Motor Vehicle Division Report at 1 (listing Origin as Nogales, Arizona, and Destination as Boston, Massachusetts).  Singh was driving. See id. at 1.  His driver's log book was a day behind.  See DEA Form ¶ 6, at 0005; New Mexico Department of Public Safety, Motor Vehicle Division Report at 1.  Singh also had spent a day in Phoenix for which his log book did not account.  See DEA Form ¶ 3, at 0004.

--------

[4] Wallen paid almost $2,000 to have his truck registered under two different license plates in the State of Florida.

Because of the discrepancies in Singh's log book, and because Wallen, the co-driver, had no log book, Inspectors David Holona and Richard Ramsey conducted an inspection of the tractor-trailer. See id. ¶¶ 3-4, at 0004-0005. After completing the inspection, Holona and Ramsey opened the rear of the trailer to check the commodities inside. See id. ¶ 7, at 0006. They observed two large and two small cardboard boxes that were at the trailer's rear. See id.

With Singh's permission, the inspectors opened one of the boxes, which contained a leafy substance that tested positive for marijuana. See id. ¶¶ 8-9, 14, at 0006-0007. The inspectors arrested Singh, Wallen, and Thomas. See id. ¶ 9, 15, at 0006-0007. The United States contends that Wallen's defense at trial is that he did not know that the marijuana was in the trailer. See United States's Motion in Limine for Preliminary Ruling as to Admissibility of Evidence Offered Pursuant to Rule 404(b) at 3.

## PROCEDURAL BACKGROUND

The United States contends that Wallen's defense at trial is that he did not know the marijuana was in the trailer.[5] Wallen, however, has not filed a response to the United States' motion.[6] The United States has given notice that it may, during its case-in-chief, offer 404(b) evidence of the charges in the superceding indictment.

In the interests of promoting a fair and orderly trial, and of minimizing the potential for

---

[5] Because Wallen has not filed a response to this motion, the Court must rely upon the United States' representation of Wallen's anticipated defense. Although the exhibits offered in support of the United States' motion does not explicitly state that Wallen denied any knowledge of the marijuana, the DEA report contains two paragraphs indicating this may be Wallen's defense. See ¶¶ 8, 15, at 0006-0007.

[6] Under Local Rule 7.1(b): "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

prejudice to either party, the United States requests that the Court issue a pretrial ruling on the admissibility of the evidence described in the notice.  Moreover, if the Court allows the United States to present the proffered evidence, the United States must subpoena witnesses from Texas, arrange transportation for the witnesses, and obtain lodging for them.  Accordingly, the United States requests an expedited ruling on the motion because of logistical concerns, such as the cost of transporting and housing at least two witnesses for trial.

## **RULE 404(b)**

Evidence is relevant under rule 401 of the Federal Rules of Evidence if it "tends to make the existence of any fact 'of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  See United States v. Mendoza-Salgado, 964 F.2d 993, 1006-07 (10th Cir. 1992)(quoting Fed. R. Evid. 401).  Rule 404(b) allows the admission of evidence of crimes, wrongs, or acts, other than those charged in the indictment, if relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b).  For evidence of other acts to be admissible pursuant to rule 404(b), the evidence must thus be offered for a proper purpose, and it must be relevant.  See Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Hill, 60 F.3d 672, 676 (10th Cir.), cert. denied, 516 U.S. 970 (1995).  The trial court must identify a reason for admitting the evidence, see United States v. Cardall, 885 F.2d 656, 671 (10th Cir. 1989), and must make a determination that the prejudicial effect of the evidence does not substantially outweigh its probative value, see United States v. Cuch, 842 F.2d 1173, 1176 (10th Cir. 1988); Fed. R. Evid. 403.  The decision to admit or exclude evidence pursuant to rule 404(b) and rule 403 is within the trial court's sound discretion.  See United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999).

-6-

Evidence of other acts is not necessarily evidence of criminal acts.  A trial court may receive evidence of uncharged crimes for the purpose of proving any of the factors that rule 404(b) describes. See United States v. Nolan, 551 F.2d 266, 270 (10th Cir. 1977).  Evidence introduced under rule 404(b) need not be based on a criminal conviction.  See id.  Admissible evidence under rule 404(b) must, however, meet the following criteria:(i) first, "it must tend to establish intent, knowledge, motive, identity or absence of mistake or accident;" (ii) second, it must also be so related to the charge that it serves to establish intent, knowledge, motive, identity or absence of mistake or accident;" (iii) third, it "must have real probative value, not just possible worth; and" (iv) fourth, it "must be close in time to the crime charged." United States v. Harrison, 942 F.2d 751, 759 (10th Cir. 1991).  "[E]vidence of another crime may be admitted to establish motive, intent, preparation, plan, identity, and absence of mistake or accident." United States v. Mohammad, 78 Fed.Appx. 42, 45 (10th Cir. 2003)(unpublished decision)(quoting United States v. Zamora, 222 F.3d, 756, 762 (10th Cir.2000)).

There also must be a clear and logical connection between the evidence and the case being tried; thus, the evidence must be relevant.  See United States v. Biswell, 700 F.2d 1310, 1317-18 (10th Cir. 1983).  The United States must show relevance by "articulat[ing] precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985), cert. denied, 474 U.S. 1081 (1986).  In United States v. Lazcano-Villalobos, 175 F.3d 838 (10th Cir. 1999), the United States offered evidence of a prior drug arrest to show that the defendant had knowledge of a car's hidden compartment which contained drugs.  See id. at 845.  The United States Court of Appeals for the Tenth Circuit affirmed the trial court's ruling that the evidence was admissible.  See id. at 846.

In <u>United States v. Russell</u>, 109 F.3d 1503 (10th Cir. 1997), evidence of a defendant's prior drug possession and prior drug transactions was admissible to prove absence of mistake or accident when drugs were found in a co-defendant's bedroom.  <u>See</u> <u>id.</u> at 1506.  In <u>United States v. Conway</u>, 73 F.3d 975 (10th Cir. 1995), evidence of a defendant's three prior arrests for sales of crack cocaine from motel rooms on the same street as the motel room from which the defendant was charged with having sold crack cocaine was admissible to demonstrate a common plan to possess and distribute crack cocaine from motels on that street.

There is no absolute rule regarding how much time can separate the acts.  The Tenth Circuit applies a reasonableness standard, examining each case's facts and circumstances.  <u>See United States v. Cuch</u>, 842 F.2d at 1178; <u>United States v. Franklin</u>, 704 F.2d 1183, 1189 (10th Cir.), <u>cert.</u> <u>denied</u>, 464 U.S. 845 (1983).  Finally, under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.  <u>See United States v. Record</u>, 873 F.2d 1363, 1375.  The trial court is vested with wide discretion to balance possible unfair prejudice against probative value.  <u>See</u> <u>United States v. Bice-Bey</u>, 701 F.2d 1086, 1089 (4th Cir.), <u>cert.</u> <u>denied</u>, 464 U.S. 837 (1983); <u>United States v. Masters</u>, 622 F.2d 83, 87-88 (4th Cir. 1980).  Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.  <u>See United States v. Rodrgiuez</u>, 192 F.2d 946, 951 (10th Cir. 1999).  Evidence is not unfairly prejudicial simply because it is damaging to one's case.  <u>See</u> <u>United States v. Martinez</u>, 938 F.2d 1078, 1082 (10th Cir. 1991).

## <u>ANALYSIS</u>

The United States' proffered evidence satisfies each criterion set forth in <u>United States v.</u>

Harrison.  The Court will permit the United States to introduce the evidence of the November 20,

2003 arrest.  The Court will grant the United States' motion.[7]

I.      **THE PROFFERED EVIDENCE IS RELEVANT BECAUSE IT TENDS TO ESTABLISH WALLEN'S KNOWLEDGE AND THE ABSENCE OF MISTAKE OR ACCIDENT.**

The proffered evidence is relevant to the only fact at issue in this case: whether Wallen knew

marijuana was in the trailer on May 29, 2004.  Evidence that, six months before Wallen's arrest in

New Mexico, he was driving his company's truck through the State of Texas, that marijuana was in

the trailer, and that Wallen was the only one in the truck makes it more probable that Wallen knew

that there was marijuana in the trailer he was hauling with his company truck when he was arrested

in New Mexico on May 29, 2004.   See United States v. Mohammad, 78 Fed.Appx. at 45

(unpublished decision)("[E]vidence of another crime may be admitted to establish motive, intent,

preparation, plan, identity, and absence of mistake or accident.")(quoting United States v. Zamora,

222 F.3d, 756, 762 (10th Cir.2000)); Wright & Miller, 22 Federal Practice & Procedure § 5247:

Absence of Mistake or Accident ("Often the absence of mistake or accident is proved on a notion of

probability; i.e., how likely is it that the defendant would have made the same mistake or have been

involved in the same fortuitous act on more than one occasion.)(footnotes omitted).  Moreover, that

Wallen twice has been arrested using his company truck to haul marijuana makes it less probable that

the marijuana was placed inside the trailer on May 29, 2004 by mistake or accident.

The proffered evidence makes a fact of consequence more or less probable than it would be

---

[7] The Court will grant this motion on the representation that Wallen's defense at trial is that he did not know that the marijuana was in the trailer for the limited purpose of demonstrating absence of mistake.  If, at trial, Wallen presents a different defense other than mistake or lack of knowledge, the Court may revise this decision.

without the evidence.  The evidence is relevant.  Thus, it is admissible under rule 401 and satisfies the

United States v. Harrison's first criterion.

## II.   THE PROFFERED EVIDENCE IS SO RELATED TO THE CHARGED CONDUCT THAT IT SERVES TO ESTABLISH KNOWLEDGE, AND ABSENCE OF MISTAKE OR ACCIDENT, WITH RESPECT TO THE CHARGED CONDUCT.

The circumstances surrounding Wallen's arrest on November 20, 2003, and the circumstances

surrounding his arrest on May 29, 2004, are almost identical.  The only significant  factors that

distinguish the criminal conduct preceding the arrest in May and the arrest in November are six

months and a few hundred miles of east bound freeway.  Both times, Wallen was transporting

marijuana in a truck registered to Brittania Trucking Inc., his own company.  Both times, Wallen had

picked up a load of produce in Arizona, allegedly as a cover load, and was transporting it from

Arizona to the East Coast.  Both times, the marijuana was in the cargo bay with the produce.  Both

times, there were suspicious omissions from the driver's log book -- Wallen's logbook on November

20, 2003 and Singh's logbook on May 29, 2004.  Both times, there were days for which there was

no accounting in the log books.

The similarities in modus operandi in each illegal marijuana haul are probative of Wallen's

knowledge as well as the lack of mistake or accident.  See United States v. Record, 873 F.2d at 1373

(citing United States v. Kendall, 766 F.2d at 1436, cert.  denied, 474 U.S. 1081 (1986)).  The United

States' proffered evidence is closely related to the charged conduct.  Thus, the evidence meets United

States v. Harrison's second criterion.

## III.   THE PROFFERED EVIDENCE HAS REAL PROBATIVE VALUE, NOT JUST POSSIBLE WORTH.

The United States' proffered evidence has real probative value, not just possible worth, as to

Wallen's knowledge, the lack of mistake or accident, and of a common plan.  The proffered evidence is probative of Wallen's knowledge.  The proffered evidence has real probative value because it shows that Wallen knew that marijuana was in the trailer on May 29, 2004.

If Wallen argues at trial that Singh or Thomas planted the marijuana in the trailer without his knowledge, the jury may evaluate this argument's credibility based on the events of November 20, 2003.  Singh and Thomas were not riding with Wallen that day.  It is unlikely that someone twice planted marijuana in Wallen's truck without his knowledge.  Thus, if the jury finds that Wallen knew he was hauling marijuana on November 20, 2003, when he was driving the load alone in Texas, it can infer that he knew he was hauling marijuana on May 29, 2004, when two other people were riding with him in New Mexico.

The proffered evidence has real probative value because it shows that the marijuana did not end up in the trailer by mistake or accident.  Evidence of Wallen's prior arrest for possession of marijuana is admissible to show that the marijuana did not end up in the trailer by mistake or accident on May 29, 2004.  Such an accident or mistake occurring twice in six months is improbable.

The proffered evidence has real probative value because it shows a common plan to smuggle marijuana from Arizona to the East Coast.  The proffered evidence is admissible to demonstrate that Wallen had a plan to smuggle marijuana from a source in Arizona to the East Coast using his company truck and a cover load of produce, as the prior haul demonstrates.  The evidence meets United States v. Harrison's third criterion.

## IV.   THE PRIOR DRUG RELATED CONDUCT IS CLOSE IN TIME TO THE CHARGED CONDUCT.

About six months separate Wallen's two trips hauling marijuana to the East Coast.  This gap

shows Wallen's continuing course of conduct, not acts distant in time from the charged acts.  See United States v. Biswell, 700 F.2d 1310, 1317-18 (10th Cir. 1983)(citing United States v. Morales-Quinones, 812 F.2d 604, 612 (10th Cir. 1987)).  Moreover, the haul through New Mexico which gave rise to the superceding indictment, occurring only six months later and involving the same activity, illustrates a continuing course of conduct even after Wallen was arrested on drug charges in Texas.  The time separating the events is not unreasonable.  The evidence meets United States v. Harrison's fourth criterion.

## V.   THE PROFFERED EVIDENCE'S PROBATIVE VALUE OUTWEIGHS THE DANGER OF UNFAIR PREJUDICE.

The United States' proffered evidence is prejudicial, but so is all relevant evidence that the prosecution adduces during the course of a criminal trial.  The issue is whether the prejudice is unfair.  In this case, it is not.

The United States does not offer the proffered evidence to provoke an emotional response from the jury, nor is the evidence likely to do so.  The proffered evidence's only value to the United States is its probative value based on the similarities between the events on November 20, 2003 and May 29, 2004.  For example, the United States is not seeking to introduce evidence of a prior crime of violence or of a theft offense to convince the jury that Wallen is a bad person.

The United States is seeking to introduce evidence that Wallen knowingly hauled marijuana on November 20, 2003 to convince the jury that Wallen knowingly hauled marijuana on May 29, 2004.  The proffered evidence's probative value outweighs any potential for unfair prejudice, and the Court can moderate any prejudice by cautionary instructions at the time of the admission of the evidence and, if requested, again in the final jury charge at the case's close.  See United States v.

Record, 873 F.2d at 1376.  The evidence is admissible under rule 403.

**IT IS ORDERED** that the United States' Motion in Limine for Preliminary Ruling as to

Admissibility is granted.  The Court will grant the United States an expedited ruling on this motion.

The United States is allowed to offer the evidence of the November 20, 2003 arrest in its case-in-

chief.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David Iglesias
  United States Attorney
Norman Cairns
  Assistant United States Attorney

    *Attorneys for the United States*

Jack G. Goldberg
New York, New York

*- and -*

David L. Plotsky
Albuquerque, New Mexico

    *Attorneys for David Singh*

Godfrey Brown
Brooklyn, New York

    *Attorney for Defendant Jomo A. Wallen*