## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                       No. CR 04-1207 JB

JOMO A. WALLEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States's Motion in Limine to Exclude Evidence, filed October 29, 2004 (Doc. 47).  The Court held an evidentiary hearing on the motion on February 3, 2005.  Defendant Jomo A. Wallen did not file a written response to this motion, but at the hearing opposed the motion.  The Court took the motion under advisement and did not rule at that time.  The next day, and before the completion of this written opinion and order, Wallen pled guilty to Count II of the Indictment pursuant to a plea agreement.  Accordingly, the Court dismisses the motion as moot.

## PROCEDURAL BACKGROUND

The United States moves in limine for an order prohibiting Wallen from mentioning or putting forth, in any manner, in the jury's presence, any allegations regarding Joey Rodriguez' alleged relationship with a confidential informant.

## FACTUAL BACKGROUND

On May 29, 2004, Wallen, a co-defendant, Derrick Singh, and a third man, Kadian Thomas, arrived at the port of entry inspection station in Gallup, New Mexico.  <u>See</u> Drug Enforcement Agency

Report of Investigation at 0004-0007 (May 5, 2004).[1]  The men were riding in a tractor-trailer traveling east.  See id. at 0004-0005.  The tractor-trailer was carrying a load of grapes from Nogales, Arizona to Boston, Massachusetts.  See New Mexico Department of Public Safety, Motor Vehicle Division Report at 1 (listing Origin as Nogales, Arizona, and Destination as Boston, Massachusetts).  Singh was driving.  See id. at 1.  His driver's log book was a day behind.  See Drug Enforcement Administration ("DEA") Form ¶ 6, at 0005; New Mexico Department of Public Safety, Motor Vehicle Division Report at 1.  Singh also had spent a day in Phoenix for which his log book did not account.  See DEA Form ¶ 3, at 0004.

Because of the discrepancies in Singh's log book, and because Wallen, the co-driver, had no log book, Inspectors David Holona and Richard Ramsey conducted an inspection of the tractor-trailer.  See id. ¶¶ 3-4, at 0004-0005.  After completing the inspection, Holona and Ramsey opened the rear of the trailer to check the commodities inside.  See id. ¶ 7, at 0006.  They observed two large and two small cardboard boxes that were at the trailer's rear.  See id.  With Singh's permission, the inspectors opened one of the boxes, which contained a leafy substance that tested positive for marijuana.  See id. ¶¶ 8-9, 14, at 0006-0007.  The inspectors arrested Singh, Wallen, and Thomas. See id. ¶ 9, 15, at 0006-0007.

After the arrests, inspectors at the port of entry contacted the Drug Enforcement Administration ("DEA") office in Albuquerque.  See id. ¶ 11, at 0006.  The DEA assigned former DEA Task Force Officer Joey Rodriguez to the case.  See id.  The United States contends Rodriguez' role in this case was that of gathering evidence and preserving it after Wallen and Singh were arrested at the port of entry.  See United States's Motion in Limine to Exclude Evidence, filed October 29,

---

[1] The page numbers refer to the DEA number located at the bottom right of the report.

2004 (Doc. 47); id. ¶ 13-15, at 0007.  Rodriguez did not participate in the initial arrests.  Rodriguez transported the suspected marijuana and other evidence from the tractor-trailer to the DEA offices in Albuquerque.  See id. ¶¶ 14-15, at 0006.  Rodriguez did, however, interview Wallen, Singh, and other witnesses, and recorded their statements in a series of reports.  See id. ¶ 15, at 0007.

Rodriguez has been the target of accusations, both in a motion filed in another criminal case and in the local press, regarding an alleged romantic relationship between Rodriguez and a confidential informant, Trish Moore.  See United States v. Matthew Philpott, No. CR04-159 (D.N.M.)(Vazquez, J.); Sex Allegations Made Against Drug Task Force Member, The Associated Press State & Local Wire (Sept. 15-16, 2004); Informant Alleges Sex with Officer, The Associated Press State & Local Wire (Sept. 15, 2004).  In United States v. Matthew Philpott, Defendant Matthew Philpott, who also alleges to have known Moore, has filed a motion to suppress drug evidence against him.  See United States v. Matthew Philpott, No. CR04-159, Motion to Suppress at 2, filed June 7, 2004 (Doc. 42).  Philpott contends the DEA targeted him for prosecution because Moore had refused to continue seeing Rodriguez.  See id.

## PROCEDURAL BACKGROUND

On August 22, 2004, a grand jury returned a superceding indictment charging Wallen and Singh with conspiring to possess with intent to distribute more than 50, but less than 100 kilograms, of marijuana in violation of 21 U.S.C. §§ 846 (Count I), and with possessing more than 50, but less than 100 kilograms, of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)(Count II).  Singh pled guilty to Count II of the indictment, the possession charge, as part of a plea agreement with the United States.  Wallen is currently scheduled for trial on February 7, 2005.  The United States and Wallen have filed a number of unopposed motions to continue the trial setting because of

many issues, but Wallen opposed the United States' latest motion to continue the trial.

## LAW ON RELEVANT EVIDENCE

Relevant evidence has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence, or that which does not make a fact of consequence more or less probable, is inadmissible. See Fed. R. Evid. 402.

Rule 404(b) evidence is inadmissible except in limited circumstances when offered to prove a fact at issue in a case. Fed. R. Evid. 404(b). Even then, it must be relevant evidence to be admissible. See Fed. R. Evid. 402.

Rule 404(b) bars the admission of character in general: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). Rule 404(b) provides exceptions to the blanket rule against character evidence if the evidence is probative of something else, i.e., motive, opportunity, intent, preparation, knowledge, plan, identity, or lack of mistake. See id.

Also, assuming that the evidence were offered for a proper purpose, rule 405 establishes the permissible methods of proving character under rule 404(a)(2). See United States v. Talamante, 981 F.2d 1153, 1156 (10th Cir. 1992). Under rule 405, a person may present testimony concerning specific instances of conduct only when "character is in issue in the 'strict sense.'" Id. (quotation omitted)(quoting Fed. R. Evid. 405 advisory committee's note). When character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character, rule

405 allows proof of character only by reputation and opinion, not with evidence of specific conduct. See id.; Fed. R. Evid. 404(a) advisory committee's note; Fed. R. Evid. 405 advisory committee's note.

## IMPEACHMENT EVIDENCE

A defendant may impeach a government witness by cross-examining him or her about the witness' conduct, if such conduct is probative of the witness' character for truthfulness or untruthfulness. See United States v. Morales-Quinones, 812 F.2d 604, 613 (10th Cir. 1987); Fed. R. Evid. 403, 608(b). A defendant may also cross-examine a witness about conduct which shows any incentive a witness may have to falsify his or her testimony. See 812 F.2d at 614.

The trial court "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues . . . or interrogation that . . . only marginally relevant." Delaware v. Fensterer, 474 U.S. 15, 20 (1985)(per curiam). Cross-examination should allow the defendant to expose "facts from which jurors 'could appropriately draw inferences relating to the reliability of the witness.'" United States v. Ellzey, 936 F.2d 492, 496 (10th Cir. 1991)(quoting Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986)).

## RULE 403

Rule 403 excludes evidence where the danger of unfair prejudice, confusion of the issue, misleading of the jury, undue delay, waste of time, or needless presentation of cumulative evidence substantially outweighs the evidence's probative value. See Fed. R. Evid. 403. Evidence offered directly under rule 401 and impeachment evidence offered though rule 609(a)(1) are subject to the crucible of rule 403. See United States v. Rosales, 680 F.2d 1304, 1306-07 (10th Cir. 1981).

## ANALYSIS

Wallen does not attempt to use this evidence as 404(b) evidence.  Wallen does contend, however, that Moore's accusations against Rodriguez may be used to impeach him because they may be relevant to his credibility.  Because Wallen has now pled guilty to Count II of the Indictment pursuant to a plea agreement, the Court will dismiss the motion as moot.

**IT IS ORDERED** that the United States's Motion in Limine to Exclude Evidence is dismissed as moot.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

David Iglesias
   United States Attorney
Sharon Kimball
James D. Tierney
Norman Cairns
   Assistant United States Attorneys
Albuquerque, New Mexico

 _Attorneys for the United States_

Jack G. Goldberg
New York, New York

-and-

David L. Plotsky
Albuquerque, New Mexico

-and-

Ann Steinmetz
Albuquerque, New Mexico

     *Attorneys for Defendant Derrick Singh*

Godfrey G. Brown
Brooklyn, New York

-and-

Roberto Albertorio
Albuquerque, New Mexico

-and-

Jacquelyn Robins
Albuquerque, New Mexico

     *Attorneys for Defendant Jomo A. Wallen*